*BUSHNELL V. KOON ET AL.

JUSTICE OF THE PEACE—TERM OF OFFICE LIMITED TO THREE YEARS FROM DATE OF COMMISSION—JUDGMENT RENDERED DURING INTERIM OF TERMS VOID.

S D B was elected a justice of the peace in and for Gilead township, Morrow county, Ohio, on day of April 4, 1899; he was commissioned as such justice on day of April 12, 1899; he took the oath of office on day of April 18, 1899; and gave bond as such justice on day of April 24, 1899. He was re-elected justice of the peace on day of April 7, 1902, and was commissioned on day of April 25, 1902.   He took oath as justice of the peace on day of April 28, 1902, and gave bond on day of April 30, 1902. The judgment sought to be enjoined in this action was rendered by him on day of April 15, 1902, on a bill of particulars filed prior to April 12, 1902.   Held:

(1)   That the term of office of justice of the peace is limited to three years from date of commission;

---

*Affirmed, without report, Koon v. Bushnell, 71 O. S. 521.

Morrow County.

(2)  That a judgment rendered during interim of terms is void and of no effect, and ought to be enjoined.

[Syllabus by the court.]

ERROR to Morrow common pleas court.

**Mitchell & Bruce,** for plaintiff in error.

**L. K. Powell,** for defendant in error.

### VOORHEES, J.

The plaintiff's action is one for equitable relief, to enjoin the defendant Henry C. Koon from enforcing a judgment rendered in his favor against the plaintiff by his codefendant Samuel D. Bush, acting in the capacity of justice of the peace, at the time the judgment in question was rendered.

The contention of the plaintiff, as presented in his petition and by an agreed statement of facts submitted to the court, may be briefly stated, as an action on the part of the plaintiff to enjoin the defendants from enforcing a void judgment. That the defendant Bush is threatening to issue an execution on the judgment claimed to be void by the plaintiff, and that both of the defendants are irresponsible and insolvent, and, therefore, he has no adequate remedy at law and would suffer irreparable injury if this judgment was enforced in the way that it is threatened to be done, by execution; and, in order to restrain the defendants from thus seizing his property, this action is brought by the plaintiff.

The real question in the case, as shown by the agreed statement of facts and as presented to the court is, whether, at the time this alleged judgment was rendered, the defendant, Bush, was a justice of the peace. If he was a justice of the peace then it is conceded the judgment was regular, and this plaintiff could not maintain this action; otherwise, the judgment was null and void and plaintiff has a cause of action. The real issue presented is, when does the term of a party who has been elected to the office of justice of the peace commence, and when does it expire?

Section 9, Art. 4 of the constitution, provided that the term of office of a justice of the peace shall be three years, but the date for the beginning of the term is nowhere expressly fixed either in the constitution or by statute. It is not provided, either by the constitution or by statute, that the office of justice of the peace may continue until his successor shall be elected and qualified; that is not a provision of the law, except in case of appointment to fill a vacancy, as provided in Rev. Stat. 567 (Lan. 899) of Ohio. But it is definitely fixed that his term of office expires

Bushnell v. Koon.

at the end of three years from the time it commences to run; and the legislature has no power to extend the term or tenure of such office beyond the time so limited. *State* v. *Howe,* 25 Ohio St. 588 [18 Am. Rep. 321]; *State* v. *Brewster,* 44 Ohio St. 589 [9 N. E. Rep. 849]. The question that we have to determine here is, when does it commence?

There are certain things that are necessary in order that a person may be qualified or clothed with the authority of a justice of the peace. He must be elected to the office; he must be commissioned by the governor of the state; when commissioned he must forthwith take and subscribe the necessary oath appertaining to the office; and, finally, he must give bond as required by the statute. Revised Statutes 83, 579 (Lan. 102, 911).

Revised Statutes 83 (Lan. 102) provides:

"Each judge of the Supreme Court, * * * and justice of the peace, * * *, shall be ineligible to perform any of the duties pertaining to such office until he shall receive from the governor a commission to fill such office, upon producing to the proper officer or authority a legal certificate of his being duly elected or appointed."

Revised Statutes 579 (Lan. 911), provides:

"When a person is elected to the office of justice of the peace, and receives a commission from the governor, he shall forthwith take and subscribe the necessary oath appertaining to the office, before the clerk of the court of common pleas of his county, who is authorized to administer the same, or before a justice of the peace of his county, who shall, within ten days, transmit the oath to the clerk aforesaid, who, in either case, shall file the same, and make record of it in a book provided for that purpose; and each justice of the peace so qualified shall, before he is authorized to discharge any of the duties of his office, and within ten days after taking the oath, enter into bond, to be approved by the trustees of his township, payable to the state, with at least two sufficient sureties, with a penalty of not less than one thousand nor more than five thousand dollars at the discretion of the trustees, to be deposited with the township treasurer, unless the township treasurer is the justice elect, then with the township clerk, conditioned that such justice shall well and truly pay over, according to law, all money which shall come into his hands by virtue of his commission, and also that he shall faithfully perform every ministerial act that is enjoined upon him by law; and on refusal or neglect to enter into such bond, the office shall be deemed vacant, and the trustees shall give notice of a new election to fill the vacancy."

Judge Swan in his Treatise, Chap. I, Sec. 5, under the heading of

Morrow County.

"Term of Office of Justices of the Peace," says: "By the constitution, the term of office of justices of the peace is limited to three years. The three years are computed from the date of the commission." The author gives as authority for his statement, that the three years are computed from the date of the commission, Sec. 581 Rev. Stat. (see now Lan. 913), which provides:

"Every justice of the peace, when commissioned, shall, in thirty days thereafter, transmit the date thereof to the clerk of the township, who shall make an entry thereof in a book by him to be provided for that purpose, and before the first day of February of each year, the clerk shall give a written notice to the trustees of all commissions expiring within twelve months after the first day of April following, and the date when each such justice's commission will expire, and the trustees, on receiving such notice, shall notify the electors of such township to elect at the next regular spring election thereafter, a justice of the peace to fill each such vacancy, in the manner pointed out in Sec. 567 [Lan. 899]."

We think it is implied from this section, though not expressly stated, that the legislature intended the date of the commission should govern in determining the expiration of the term of office of a justice of the peace and for the giving of notice of election to fill vacancies.

It was said by Judge Hitchcock, in *State* v. *Constable*, 7 Ohio (pt. 1) 1, on page 11, that,

"When no day is mentioned in the law from which the term of service shall commence, it must commence from the day of election. Any other construction would lead to this absurdity, that the officer elect would have it in his power to fix the commencement of the term of service for himself and his successor, at any time he should think proper to qualify."

This was not a case of a justice of the peace, and we think the reasons assigned by Judge Hitchcock do not apply to such officer. From experience we know that it is impossible for an officer to be elected and commissioned on the same day; and further, if the term of office commences on the day of election the term of a justice may not have expired at the time of the election of his successor, and, therefore, there was no vacancy on the day of election, and two officers would then be qualified for the same office—one, because his term of three years had not expired, the other, because he had been that day elected to that office. Also, it would be possible, and at times an unavoidable necessity, that there be an interim between the expiration of term of one justice and the election of his successor, which would occur when the

Bushnell v. Koon.

date of election is subsequent to that of the expiration of the first term.

We think that Rev. Stat. 581 (Lan. 913) clearly implies that the term of office of a justice of the peace commences on the date of his commission, and continues for three years from that date.

The case of *State* v. *Pollner,* 10 Circ. Dec. 141 (18 R. 304, 310) refers to the commencement of the term of office of mayor. In the report of that case it appears that at the annual election held on the first Monday, the third day of April, 1899, John H. Farley was elected mayor of the city of Cleveland by a popular election; that on April 10, 1899, being the second Monday of April, he took the oath of office as mayor of the city of Cleveland at 10 o'clock A. M., and at the same time prepared and filed a good and sufficient bond as such mayor. It was not considered by the court that municipal officers, such as mayor, should be commissioned as provided by Rev. Stat. 83 (Lan. 102), and we understand the practice to be that such officers are not commissioned, but that it is only required that their election be duly certified, and they take the oath of office and give a good and sufficient bond as such officer. We do not consider this case as applicable to a justice of the peace, and, therefore, are inclined to adopt the statement of Judge Swan as the rule for determining when such term commences.

In this case, as presented by the agreed statement of facts, Bush was elected justice of the peace April 4, 1899. He was commissioned on April 12, 1899; he was sworn in on April 18, 1899; he gave bond as justice of the peace on April 24, 1899. He was re-elected April 7, 1902; he was commissioned on April 25, 1902; he was sworn in on April 28, 1902, and gave bond on April 30, 1902. On April 15, 1902, the action, wherein the judgment complained of was rendered, was tried before this man who was assuming to act as justice of the peace. His first term of office terminated on April 11, 1902, at midnight, and his second term did not commence until the date of his second commission, which was April 25, 1902. His first term of office having terminated at the time he undertakes to do this act, that is to render this judgment, and not having been commissioned for his second term and not having complied with the requirements of the statute to clothe him with authority of a justice of the peace, he was without any authority as such official. If the language of the statute were, that he should discharge the duties of his office until his successor was elected and qualified, then it would be a very different case, and during the interim he would be clothed with authority and power to do the same act as he could before his successor was qualified. But suppose this man had not been his own successor, and after being elected to the office of justice of the

Morrow County.

peace and before he was commissioned as such or qualified himself by giving bond and taking the oath of office, he undertakes to render a judgment in an action? He would be absolutely without authority or power to do so, and his act would be void.

We, therefore, hold that this party, who assumed as justice of the peace to render this judgment at the time he did, had no authority to render a judgment; and the judgment so rendered is absolutely void. The effect is this, that the judgment the defendant Koon obtained was a void judgment, and he is seeking to enforce it against the plaintiff on execution, which gives plaintiff a right to come into a court of equity and enjoin the collection of such judgment by execution or otherwise. It is not material whether the party attempting to enforce such judgment is insolvent or not; a party who undertakes to enforce a void judgment can be enjoined from so doing irrespective of whether or not he is insolvent.

We think, that the plaintiff is entitled to have this injunction made perpetual; and that will be the decree of the court. The defendants are enjoined from enforcing or attempting to enforce this judgment, and it will be at the costs of the defendants.

Injunction made perpetual.

**McCarty** and **Winch, JJ.,** concur.